# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **ELBERT GREGORY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>    **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case No. 1:09-cv-105-PMW**<br><br><br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Elbert Gregory's ("Plaintiff") appeal of Michael J. Astrue's (the "Commissioner") final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

## BACKGROUND

Plaintiff protectively applied for SSI in July 2007, alleging disability due to various physical and mental impairments.[1] After Plaintiff's applications were denied initially and upon reconsideration,[2] he requested a hearing before an Administrative Law Judge ("ALJ").[3] The

---

[1] *See* docket no. 5, Exhibits 1-10, Administrative Record ("Tr. ____"), 131-34, 141.

[2] *See* Tr. 77, 79.

[3] *See* Tr. 88-90.

hearing before the ALJ was held on February 18, 2009.[4] The ALJ issued a written decision on March 25, 2009, denying Plaintiff's claim for SSI.[5] Plaintiff then filed a request for review of the ALJ's decision.[6] On June 17, 2009, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's March 25, 2009 decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On July 29, 2009, Plaintiff filed his complaint in this case, which was assigned to District Judge Clark Waddoups.[8] The Commissioner filed his answer on October 8, 2009, along with the Administrative Record.[9]

On November 10, 2009, Judge Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[10] Thereafter, in response to a court order,[11] both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth

---

[4] *See* Tr. 17-76.

[5] *See* Tr. 7-16.

[6] *See* Tr. 13-15.

[7] *See* Tr. 1-3.

[8] *See* docket no. 3.

[9] *See* docket no. 5.

[10] *See* docket no. 10.

[11] *See* docket no. 11.

Circuit.¹² Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.¹³

On January 4, 2010, Plaintiff filed his opening brief.¹⁴ The Commissioner filed his responsive brief on February 4, 2010.¹⁵ Plaintiff filed his reply brief on February 19, 2010.¹⁶

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient

---

¹² *See* docket no. 12.

¹³ *See id*.

¹⁴ *See* docket no. 13.

¹⁵ *See* docket no. 14.

¹⁶ *See* docket no. 15.

basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20

4

C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) at step two of the sequential evaluation process by failing to conclude that Plaintiff's major depressive disorder constituted a severe impairment; (2) at step three of the sequential evaluation process by failing to conclude that Plaintiff's impairments met or equaled a listed impairment; (3) in evaluating Plaintiff's credibility; and (4) in assessing Plaintiff's RFC. Based on the success of those arguments, Plaintiff also argues that (5) the court should simply award Plaintiff benefits, rather than remanding this case for a new hearing. The court will address each of those arguments in turn.

## I. Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that Plaintiff's major depressive disorder constituted a severe impairment. Plaintiff has failed to persuade the court that the evidence before the ALJ compelled the conclusion that Plaintiff's major depressive disorder was a severe impairment. Furthermore, even if Plaintiff had been able to convince the court that the ALJ erred by failing to make that conclusion, the court would conclude that any such error was harmless. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]." *Carpeneter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted) (second and third alterations in original); *see* 20 C.F.R. § 416.923. The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[ed] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Carpenter*, 537 F.3d at 1266. In this case, the ALJ determined that Plaintiff suffered from several severe impairments and could not be denied benefits at step two. Consequently, the ALJ proceeded to step three of the sequential evaluation process.

For these reasons, the court concludes that Plaintiff's arguments with respect to the ALJ's step two analysis are without merit.

## II. Step Three

Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by failing to conclude that Plaintiff's impairments met or equaled certain listed impairments. *See* 20 C.F.R. § 404, Subpart P, Appendix 1; *see also* 20 C.F.R. §§ 416.925, 416.926. At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that his impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Although Plaintiff argues that his impairments met or equaled two specific listed impairments, he fails to make any reference to the medical criteria for either of those listed impairments. As a consequence, Plaintiff cannot possibly persuade the court that he carried his burden of presenting evidence to establish that his impairments met or equaled all the medical criteria for either of those listed impairments. *See Sullivan*, 493 U.S. at 530; *Fischer-Ross*, 431 F.3d at 733.

In addition, Plaintiff's arguments on this issue appear to be nothing more than an attempt to selectively reargue the evidence, which is a futile tactic because it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in

the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

For these reasons, the court concludes that Plaintiff's arguments concerning the ALJ's analysis at step three are without merit.

### III. Credibility

Plaintiff next argues that the ALJ erred in evaluating Plaintiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

    1.    The individual's daily activities;
    2.    The location, duration, frequency, and intensity of the individual's pain or other symptoms;
    3.    Factors that precipitate and aggravate the symptoms;
    4.    The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Plaintiff argues that the ALJ's entire analysis of Plaintiff's credibility is conclusory and contained in one paragraph of the ALJ's decision. That argument is both misleading and without merit. While the ALJ did insert his conclusion about Plaintiff's credibility at the beginning of the section of his decision devoted to discussing credibility, that conclusion was followed by a discussion of the reasons supporting the conclusion.

In that discussion, the ALJ considered proper factors to support his conclusion that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms are not credible."[17] The ALJ properly relied upon the lack of objective medical evidence to support Plaintiff's allegations about his impairments. *See* 20 C.F.R. § 416.929(c)(2); SSR 96-7p. The ALJ also properly relied upon the fact that Plaintiff's own statements were often inconsistent with one another and with other evidence in the record. *See* SSR 96-7p.

---

[17] Tr. 14.

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that Plaintiff's testimony was not credible. Accordingly, the court concludes that Plaintiff's arguments concerning that determination are without merit.

## IV. RFC

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC. More specifically, Plaintiff asserts that the ALJ's RFC determination fails to comply with the narrative discussion requirement of SSR 96-8p. *See* SSR 96-8p (providing that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)" and that "[t]he adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved").

Plaintiff contends that the ALJ's RFC determination failed to comply with SSR 96-8p because it "appears as a conclusion . . . , with no reasoning and no citation of specific facts."[18] Similar to Plaintiff's argument concerning the ALJ's credibility determination, this argument is both misleading and without merit. As he did in the section of his decision dealing with Plaintiff's credibility, the ALJ inserted his conclusion about Plaintiff's RFC at the beginning of the section devoted to discussing Plaintiff's RFC. The ALJ followed that conclusion, however, with a narrative discussion of the medical facts and nonmedical evidence supporting his conclusion.[19]

---

[18] Docket no. 13 at 17.

[19] *See* Tr. 13-15.

10

Accordingly, the court concludes that the ALJ complied with SSR 96-8p in assessing Plaintiff's RFC.

Plaintiff also argues that the ALJ's RFC assessment is not supported by substantial evidence. Notably, however, Plaintiff has not attempted to demonstrate how the record evidence fails to support the ALJ's RFC assessment. Instead, Plaintiff fails to acknowledge or address the ALJ's discussion immediately following his RFC assessment and then makes the conclusory assertion that the ALJ's RFC assessment is "not supported by substantial evidence."[20] As the court has established, Plaintiff's attempts to minimize the ALJ's discussion and reasoning in support of his RFC assessment are not persuasive.

Based on the foregoing, the court concludes that Plaintiff's arguments concerning the ALJ's RFC assessment are without merit.

## V. Request for Award of Benefits

Based on the success of his arguments supporting reversal of the Commissioner's decision, Plaintiff argues that the court should simply award Plaintiff benefits rather than remand this case for a new hearing. Given that the court has rejected all of Plaintiff's arguments in support of reversal of the Commissioner's decision, it logically follows that the court will neither award benefits to Plaintiff nor remand this case for a new hearing.

---

[20] Docket no. 13 at 17.

# CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 10th day of January, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge